**UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**


In re:  FRANK LAY and                                    Case No. 3:09mc62/MCR
   ROBERT FREEMAN

_____/


### <u>NOTICE AND ORDER OF CRIMINAL CONTEMPT PROCEEDINGS</u>

On January 9, 2009, this court entered a temporary injunction (doc. 48) in Case No. 3:08cv361/MCR/EMT, prohibiting the School Board for Santa Rosa County, Florida ("School Board"); Tim Wyrosdick, Superintendent of the School District of Santa Rosa County, Florida (successor in office to John Rogers); H. Frank Lay, the principal of Pace High School; and all of the School Board's officers and employees, from promoting, endorsing, or causing religious prayers during school-sponsored events.[1] On May 5, 2009, the plaintiffs in that case filed a motion (doc. 86) for an order to show cause why the court should not find Michelle Winkler, a nonparty School Board employee, in contempt of court for violating the temporary injunction, based on her conduct of causing her husband to say a prayer at a school-sponsored event.  Within the motion, plaintiffs also made specific reference to another possible willful violation of the temporary injunction by Principal Frank Lay, a party to the action, and Athletic Director Robert Freeman, a nonparty School Board employee.  The plaintiff's motion, however, did not seek an order to show cause regarding their conduct.  At oral argument on plaintiff's motion, plaintiff again referenced the conduct of Lay and Freeman.

Based on the notice from plaintiffs to the court of Lay and Freeman's conduct, the court, pursuant to its inherent and statutory contempt power, hereby *sua sponte* initiates

---

[1]  By its terms the order became effective on January 19, 2009.

criminal contempt proceedings against Lay and Freeman for willfully violating the court's temporary injunction order.  *See* 18 U.S.C. § 401(3); Fed. R. Crim. P. 42(a).

Criminal contempt proceedings are punitive and serve to vindicate the court's authority through the imposition of a criminal sanction against one who has willfully violated a court order.  *See Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 828 (1994); *Gompers v. Buck's Stove & Range Co.*, 221 U.S. 418, 441 (1911).[2] While the court's contempt power should be used sparingly, "[t]his power has been uniformly held to be necessary to the protection of the court from insults and oppression while in the ordinary exercise of its duty, and to enable it to enforce its judgments and orders necessary to the due administration of law and the protection of the rights of citizens."  *Id.* (internal marks omitted). The court has statutory authority to punish acts in contempt of its orders by fine, imprisonment, or both.  *See* 18 U.S.C. § 401(3).

Consistent with the constitutional privileges and protections attendant to criminal proceedings, Lay and Freeman are entitled to the benefit of a trial during which they will be afforded the presumption of innocence, the privilege against self incrimination, the right to proof of guilt beyond a reasonable doubt, and the right to counsel.  *See Bagwell*, 512 U.S. at 826-27; *Gompers*, 221 U.S. at 444; *Romero v. Drummond Co.*, 480 F.3d 1234, 1242-43 (11th Cir. 2007); *United States v. City of Miami*, 195 F.3d 1292 (11th Cir. 1999).

As required by Rule 42(a)(1)(C) of the Federal Rules of Criminal Procedure, the court now gives notice of the essential facts constituting the criminal contempt.  The temporary injunction, in relevant part, enjoined the defendants "and their officers, agents, affiliates, subsidiaries, servants, employees, successors, and all other persons or entities in active concert or privity or participation with them" from engaging in the following conduct:

> 1.  Promoting, advancing, aiding, facilitating, endorsing, or causing religious prayers or devotionals during school-sponsored events;
> . . .

---

[2]  A conviction of criminal contempt under 18 U.S.C. § 401(3) requires the government to prove beyond a reasonable doubt that a specific order was violated and that the violation was willful.  *United States v. Bernadine*, 237 F.3d 1279, 1282 (11th Cir. 2001).

    4. Permitting school officials to promote their personal religious beliefs and proselytize students in class or during school-sponsored events and activities; and

    5. Otherwise unconstitutionally endorsing or coercing religion.

(Order, Jan. 9, 2009, doc. 48.) The order required the defendants to provide a copy of it to all Santa Rosa School District officials, staff, faculty, and other employees and agents.[3] On January 28, 2009, after the effective date of the court's temporary injunction and with knowledge of it, Lay asked Freeman to offer a prayer of blessing during a school-day luncheon for the dedication of a new field house at Pace High School. Freeman complied with the request and offered the prayer at the event.[4] It appears this was a school-sponsored event attended by students, faculty, and community members.

    Accordingly, it is **ORDERED**:

    1. Frank Lay and Robert Freeman are each required to appear before the court at 9:00 a.m., Central Standard Time, on **September 17, 2009**, to show cause why they should not be held in criminal contempt of court, pursuant to 18 U.S.C. § 401(3) and Fed. R. Crim. P. 42(a). The trial will be held in Courtroom 4 North, United States District Court for the Northern District of Florida, Pensacola Division, located at One North Palafox Street, Pensacola, Florida 32502.

    2. Frank Lay and Robert Freeman each have the right to the representation of counsel, the presumption of innocence, the privilege against self incrimination, to prepare a defense and to present witnesses, and to proof of guilt beyond a reasonable doubt before any criminal sanction may be imposed.

    3. The court hereby requests that this matter be prosecuted by the United States Attorney's Office for this district. *See* Fed. R. Crim. P. 42(a)(2). Unless this request is

---

[3] The temporary injunction expired on May 6, 2009, when this court granted permanent injunctive relief by means of a consent decree and order (doc. 94), fashioned by agreement of the parties.

[4] The motion for an order to show cause directed at Michelle Winkler filed by the plaintiffs in the main action (doc. 86) and attached exhibits (doc. 86-2), are appended to this order. These documents also contain detailed allegations of the violation by Lay and Freeman.

declined in writing by that office by **July 27, 2009**, the court so appoints the United States Attorney's Office to prosecute the contempt.

  4. This prosecution will be tried to the court.

  5. The clerk shall forward a copy of this order to the United States Marshal Service for prompt service on Frank Lay at ███████████████████████ ████ , and Robert Freeman at ████████████████████████ ████ .

  **DONE AND ORDERED** this 20th day of July, 2009.


        *s/ M. Casey Rodgers*
        **M. CASEY RODGERS**
        **UNITED STATES DISTRICT JUDGE**